**Charles T. DOUDS, Regional Director of the Second Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,**

**v.**

**BONNAZ, HAND EMBROIDERERS, TUCKERS, STITCHERS, PLEATERS UNION, LOCAL 66, INTERNATIONAL LADIES' GARMENT WORKERS UNION, AFL, its President, Zachary L. Freedman, and its Representative, George Triestman, Respondents.**

United States District Court,
S. D. New York.
June 22, 1954.

George J. Bott, Gen. Counsel, N. L. R. B., David P. Findling, Associate Gen. Counsel, Winthrop A. Johns, Asst. Gen. Counsel, Washington, D. C., John J. Cuneo, Chief Law Officer, Second Region, New York City, Alvin Lieberman, Atty., Washington, D. C., for National Labor Relations Board.

Lieberman & Aronson, New York City, for respondents, Elias Lieberman and Vinson C. Aronson, New York City, of counsel.

Conboy, Hewitt, O'Brien & Boardman, New York City, for Gemsco, Inc., Charging Party, Edward F. Butler, New York City, Donald H. Balleisen, New York City, of counsel.

GODDARD, District Judge.

This matter came on to be heard upon the verified petition of Charles T. Douds, Regional Director of the Second Region of the National Labor Relations Board [herein called the Board] for a temporary injunction, pursuant to Section 10(*l*) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160(*l*), [herein called the Act] pending the final adjudication of the Board with respect to this matter, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondents filed an answer to said petition. A hearing on the issues raised by the petition and answer was

duly held on June 3, 1954. All parties were afforded full opportunity to be heard, examine and cross-examine witnesses, present evidence bearing on the issues, and to argue and submit briefs on the evidence and the law.

The court has fully considered the petition, answer, evidence, and argument and briefs of counsel.

■■ In a petition pursuant to Section 10(l) of the National Labor Relations Act, the court may grant a preliminary injunction when it finds the Board has reasonable cause to believe there is a violation of Section 8(b) (4) (C), 29 U.S. C.A. § 158(b) (4) (C). Cf. Penello v. Brewery Drivers, 32 L.R.R.M. 2095. The record in the case at bar clearly establishes such reasonable cause. Indeed, in International Brotherhood of Teamsters, etc., 96 N.L.R.B. 957, the Board found a violation of Section 8(b) (4) (C) where the union made no express demand for recognition on the employer. In the present case there was such a demand.

The only substantial issue for consideration is the contention of respondent that, where the bargaining representative certified by the Board is an individual, Section 8(b) (4) (C) is not violated by picketing against such certification because such picketing is banned by the section only "if another labor organization has been certified as the representative of such employees under the provisions of section 9". Respondent contends that an individual is not such a labor organization referred to.

Section 2(5) of the Act, 29 U.S.C.A. § 152(5), defines "labor organization" as:

"The term 'labor organization' means any organization of any kind, or *any agency* or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, * * *." [Emphasis added.]

As conceded by the respondent, an individual chosen by the employees may properly be certified as the bargaining

"representative". Section 1 of the Act, 29 U.S.C.A. § 151, declares it to be the policy of the Act to protect "the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing". In the Committee Report on the bill [Senate Report 105, 80th Congress, 1st Session] it is said of unfair practices by unions:

"Both witnesses and committee members were in substantial accord that many union practices, especially secondary boycotts, jurisdictional disputes, violations of collective-bargaining contracts, and strikes and boycotts against certifications of the National Labor Relations Board, should be subject to Federal regulation."

■ Section 8(b) (4) (C) was clearly designed, in accord with the policy of the Act, to protect the certification of the Board and thereby to allow collective bargaining to proceed in an orderly manner, and in a peaceful setting. The term "labor organization" should be construed in the light of the objects sought to be accomplished by that section. cf. Atlantic Cleaners & Dyers, Inc. v. United States, 286 U.S. 427, 52 S.Ct. 607, 76 L.Ed. 1204; Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 55 S.Ct. 50, 79 L.Ed. 211; People of Puerto Rico v. Shell Co., 302 U. S. 253, 58 S.Ct. 167, 82 L.Ed 235.

Although, in other sections of the Act, distinctions may have been drawn between "individuals" and "labor organizations" for the purposes of those sections, I do not believe that was intended in Section 8(b) (4) (C). To make such a distinction would be to defeat the basic policies of the Act, and I am unable to attribute such a purpose to Congress.

■ I find that the certified bargaining representative of Gemsco, Mrs. Anne Sabino, comes within the meaning of "any agency * * * which exists for the purpose * * * of dealing with employers * * *" within the definition of "labor organization" in Section 2(5) of the Act. cf. Douds v. Retail & Wholesale Employees Union, Local 830, S.D.N.Y.,

Civil 48–650, decided February 3, 1949, unreported.

The petition for a preliminary injunction is granted.